IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| **ALLISON FAULKNER,** ) | Case No. 3:23-cv-588 |
| Plaintiff, ) | |
| ) | **JUDGE: HON. REBECCA GRADY JENNINGS** |
| v. ) | |
| ) | |
| **DENTAL ASSISTING ACADEMY OF** ) | |
| **LOUISVILLE, LLC, d/b/a MEDQUEST** ) | |
| **COLLEGE,** ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF**
**MOTION TO DISREGARD OR FOR LEAVE TO FILE SUR-REPLY**

Ms. Faulkner's Motion to Disregard is substantively unopposed in that Defendant only addresses arguments it prefers versus arguments raised by Ms. Faulkner. Defendant also complains that Ms. Faulkner relied "heavily upon the deposition testimony of herself, Allison Ellerbrock, and Robin Boughey," in her Memorandum in Opposition to its Motion for Summary Judgment ("Opposition to Summary Judgment") [Doc.36], and "even filed the entirety of those deposition transcripts in the record before" so filing. [Doc.40, at PageID #1585]. This is exactly the sort of "particular parts of materials in the record" contemplated by Rule 56(c)(1)(A), and which underly the Motion to Disregard.

 1. **Defendant cannot escape its failure to comply with its Rule 56(c) burden of identifying <u>specific</u> portions of the Record demonstrating the lack of a genuine question of material fact.**

At the outset, Defendant's Motion for Summary Judgment fails irrespective of new arguments and facts raised in its Reply. The Court is familiar with Ms. Faulkner's arguments in opposition to Defendant's Motion for Summary Judgment, and in the Motion to Disregard, and doesn't need them repeated here. Instead of tackling Ms. Faulkner's arguments related to the

ADA, Defendant highlights that Ms. Faulkner "specifically argued there was a genuine issue of material fact regarding whether MedQuest 'interfered' with her FMLA rights[.]" [Doc.40, at PageID #1585]. Defendant says that "Plaintiff also argued—while citing to no portions of any testimony—that MedQuest retaliated against her for exercising her FMLA leave." [*Id*., at PageID #1585]. While it's true that Ms. Faulkner identified genuine questions of material fact supporting her claims arising under the FMLA by referring to deposition testimony that Defendant omitted from the Record, those claims aren't the subject of the Motion to Disregard.

Defendant is also wrong. Ms. Faulkner extensively cited the deposition transcripts of Ms. Boughey [Doc.34] and Ms. Ellerbrock [Doc.33] in her Opposition to Summary Judgment. [Doc.36, at PageID ##1528-40]. That testimony, however, isn't what Defendant wanted the Court to review, however, which is why it cherry-picked only portions of the same, depriving the Court of valuable context. With that red herring out of the way, Defendant says that it "did not present new arguments or evidence in its Reply brief." [Doc.40, at PageID ##1587-91]. Rather, according to Defendant, it's "allowed to reply to arguments raised in a response to its motion." [*Id*., at PageID ##1587-88]. As a general proposition of law, Defendant is indeed allowed to do that. Plaintiff doesn't argue otherwise. Ms. Faulkner argues that Defendant ***didn't*** do that, however, in its Reply in the context of her ADA claims.

Ignoring that, Defendant says that it "utilize[d] the same evidence of record cited in both the initial motion and Plaintiff's Response," and therefore its "Reply brief falls well within the confines of the law." [Doc.40, at PageID #1588]. Defendant concludes that the Motion to Disregard advances a "hyper-technical position" that "is untenable and unsupported by any legal authority in this jurisdiction." [*Id*., at PageID #1588]. Defendant says that its "Reply brief is not confined by ***specific*** pages of deposition transcripts, or even testimony from ***specific*** witnesses,

2

that were mentioned or relied upon in its initial motion for summary judgment" (emphasis supplied). [*Id.*]. Defendant frets "[i]f a movant were bound to *specific* pages or pieces of evidence cited in its initial motion, the nonmovant would almost always get the 'last word' by simply citing to different evidence not mentioned in the motion" (emphasis supplied). [*Id.*, at PageID #1589].

This is both another red herring and gets to the heart of why Defendant's Motion for Summary Judgment should be denied. "Summary judgment is appropriate *if* the moving party shows that there is no genuine issue of material fact about an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial" (emphasis supplied). *Mem'l Hall Museum v. Cunningham*, 455 F. Supp. 3d 347, 355 (W.D. Ky. 2020) (JENNINGS, J.) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Rule 56(c), therefore, demands the specificity that Defendant bemoans, *Wells v. UPS Airlines*, 688 F. Supp. 3d 567, 571-72 (W.D. Ky. 2023) (citing *Celotex*, 477 U.S., at 322), because it must "*conclusively show* no genuine issue of material fact exists" (emphasis supplied). *Hayden v. Fifth Third Bank, Inc.*, No. 3:12-cv-0824, 2014 U.S. Dist. LEXIS 32625, at *6 (W.D. Ky. Mar. 13, 2014) (citing *Celotex*, 477 U.S., at 323).

Defendant, therefore, cannot be heard to complain about being challenged on its consistent failure to cite specific portions of the record demonstrating the lack of a lack of genuine question of material fact.

2. **The red herrings advanced by Defendant aren't a substantive response to the Motion to Disregard.**

Even with its well-established obligations in mind, Defendant doesn't muster any response at all to Ms. Faulkner's argument that it raised arguments related to the "essential functions" of her job for the first time in its Reply. [Doc.39, at PageID ##1574-76]. It can't because it did just that. Defendant also failed to address its obligation under 29 C.F.R. §1630.2(n) to show or even

3

argue that the "essential functions" of her job were indeed "essential" because their removal would "fundamentally alter" her position. [*Id.*, at PageID ##1572-73]. It can't address that argument because its Motion for Summary Judgment is silent.

As to Ms. Faulkner's argument that Defendant first raised the issue that she allegedly "threatened" Ms. Boughey in its Reply, it backpedals and says that "mentioning that Boughey was 'threatened' by Plaintiff does not present any new theory or argument, nor is it based upon any new evidence not already contained in MedQuest's initial motion for summary judgment." [Doc.40, at PageID #1590]. That's not true. Defendant explicitly raised "evidence" of an alleged "threat" for the first time in its Reply in the context of its argument that Ms. Faulkner failed to engage in good faith in the interactive process. [Doc.37, at PageID ##1561-62].

While Defendant recited the rule governing the parties' obligations to participate in good faith in the interactive process, it ***didn't argue*** that Ms. Faulkner failed to do so beyond perhaps the cursory until its Reply. Nor did it argue that Ms. Faulkner "threatened" Ms. Boughey as an example of her failure to do so until its Reply. Instead, Defendant says:

> MedQuest cited in its motion to a long string of emails between Plaintiff and Robin Boughey in support of MedQuest's defense that it did, in fact, engage in the interactive process required under the ADA, but Plaintiff simply rejected every proposed accommodation that did not involve 100% remote work, and withdrew herself from the interactive process.

[Doc.40, at PageID #1590] [citing Doc.31-1, at PageID ##216-18].

This is yet another red herring. Ms. Faulkner argued in her Opposition to Summary Judgment that whether Defendant participated in the interactive process in good faith by offering reasonable accommodations, is an open question of material fact as in the Court's holding in *Perry v. Norton Hosps., Inc.*, No. 3:21-cv-00192, 2023 U.S. Dist. LEXIS 56384 (W.D. Ky. Mar. 31, 2023). [Doc.36, at ##1547-48]. In that case, the Court held that "whether Defendant's offering was a reasonable accommodation is clearly within the purview of the jury." *Id.*, at \*36. This conclusion is

4

bolstered by Defendant's lack of specificity in its Motion for Summary Judgment as to what exactly in the "string of emails" supposedly supported its position.

      **3.     Defendant left Ms. Faulkner's "shifting rationales" argument unrebutted.**

Finally, Defendant's reliance on *Cook v. McMinn Cnty.*, No. 1:22-cv-0105, 2025 U.S. Dist. LEXIS 7920 (E.D. Tenn. Jan. 15, 2025), [Doc.40, at PageID ##1590-91], doesn't advance its cause. The opposite is true. *Cook* bolsters Ms. Faulkner's argument that "a sur-reply may be appropriate when new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated." *Id.*, at *3 (citations omitted). Unlike MedQuest's Reply, in *Cook*, the defendant's reply emphasized facts and arguments that the plaintiff failed to address in its response. *Id.* None of which is relevant to the Motion to Disregard. Ms. Faulkner agrees, however, that highlighting failures to respond to facts and arguments is a proper function of a reply brief - and she does so above.

This also isn't a case in which Ms. Faulkner "overlooked" Defendant's arguments on summary judgment, as in *Cook*, and Defendant doesn't suggest otherwise. Defendant objects to the well-established rule that it must be specific on summary judgment. It's fear of having to "pre-but" Ms. Faulkner's response lest she get the last word is unfounded, and in this case, a problem it created on its own. Defendant chose to introduce only bare, contextless snippets of the Record in support of its Motion for Summary Judgment. That mistake can't be put at Ms. Faulkner's door.

Finally, Ms. Faulkner doesn't suggest that Defendant's Reply "asks the Court to make inferences improper at the summary-judgment stage," as in *Cook*. Rather, she suggests that a jury can "reasonably infer" that Defendant's "shifting rationales" for terminating her employment are evidence of pretext, because they are. *Shallen v. Esper*, No. 3:19-cv-0006, 2020 U.S. Dist. LEXIS 93285 (W.D. Ky. May 28, 2020). [Doc.39, at PageID ##1581-82]. To that, Defendant says Ms. Faulkner should have made a "shifting rationales" argument in her Opposition for Summary

5

Judgment, and that it's too late to raise that substantive argument in her Motion to Disregard. [Doc.40, at PageID #1592]. Given the basic principles of linear time, however, Defendant's argument doesn't follow without the gift of divination because it didn't "shift rationales" until after Ms. Faulkner filed her Opposition to its Motion for Summary Judgment.

By doing so in its Reply, Defendant "vitiated" Ms. Faulkner's ability to effectively respond, thus undermining the purpose of Rule 56(c). *Cook*, 2025 U.S. Dist. LEXIS 7920, at *3 (citing *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003)). To that end, the Court "**must allow**" Ms. Faulkner "an opportunity to respond to any new arguments or evidence raised in the reply brief before ruling on a summary judgment motion" (emphasis supplied). *Id.* (citing *Seay*, 339 F.3d, at 482). Relying on *Seay*, the Court observed similarly in *Elliot v. Humana Inc.*, No. 3:22-cv-0329, 2025 U.S. Dist. LEXIS 67759 (W.D. Ky. Apr. 9, 2025). Defendant leaves the substance of this argument undisturbed, as well. In light of that, and otherwise, it's well within the Court's discretion to allow Ms. Faulkner to file a sur-reply, *Id.*, at **5-6, or to simply disregard Defendant's Reply.

**DATED: June 5, 2025.**

                                                          Respectfully submitted,

                                                          */s/ Justin M. Whittaker*
                                                          Justin M. Whittaker, Esq. (92364)
                                                          WHITTAKER LAW, LLC
                                                          2055 Reading Road, Suite 260
                                                          Cincinnati, Ohio 45202
                                                          Tel: (513) 457-5547
                                                          Fax: (513) 436-0689
                                                          Justin@WhittakerLawFirm.com

                                                          **Counsel for**
                                                          **Plaintiff Allison Faulkner**

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Motion was filed electronically through the Court's CM/ECF filing system on **June 5, 2025**. Notice of this filing will be sent to all parties of record by operation of the Court's CM/ECF filing system.

*/s/ Justin M. Whittaker*
Justin M. Whittaker, Esq. (92364)