**PROPOSED JURY INSTRUCTIONS**

Dental Assisting Academy of Louisville, LLC DBA MedQuest College ("Medquest") files its jury instructions in compliance with the Court's Pre-trial Scheduling Order, DN 10. Counsel for the parties to communicate regarding discussing joint train instruction before unable to have substantive conversations and Medquest is tendering its own set.

Medquest has separated the jury instructions into two documents based on their length and complexity. This document contains the applicable instructions. The other document contains the applicable interrogatories.

In tendering these jury instructions, Medquest is not conceding or waiving any objections currently set forth in the record, or waiving the arguments made in Medquest' pending motion for summary judgment, or waiving any objections that may be made during the course of trial with respect to the Plaintiff's claims. Medquest reserves the right to amend these jury instructions during trial to conform to the evidence as presented.

# INSTRUCTION NO. 1

## Verdict Must be Based on the Evidence

Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the Instructions of the Court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

Nothing I say in these Instructions is to be taken as an indication that I have an opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather yours.

You have been chosen and sworn as jurors in this case to try the issue of fact presented by the allegations of the complaint of the Plaintiff. You are to perform this duty without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

This case should be considered and declared by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial at our hands as a private individual. The law is no respecter of a person; all persons, including corporations, partnerships, unincorporated associations, and other organizations, stand equal before the law and are to be dealt with as equals in a court of justice.[1]

Proceed to Instruction No. 2.

---

[1] *See* O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS CIVIL COMPANION HANDBOOK, Vol. 2, § 21:1 (2015-2016) (citing O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 6th ed. Thomson Reuters § 103:01.)

## INSTRUCTION NO. 2

### Evidence in General

The evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated.

Statements and arguments of counsel are not evidence in the case, unless made as an admission or stipulation of fact. However, when the attorneys on both sides stipulate or agree as to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved. Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.

In the final analysis, it is your own recollection and interpretation of the evidence that control in the case. While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.[2]

Proceed to Instruction No. 3.

---

[2] Kevin F. O'Malley, et. al, Federal Jury Practice and Instructions § 101.40 (5th ed. 2000).

# INSTRUCTION NO. 3

## Witness Credibility

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his testimony. In weighing the testimony of a witness you should consider this relationship to the plaintiffs or to the defendant; his interest, if any, in the outcome of the case; his manner of testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor, fairness and intelligence; and the extent to which he has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.[3]

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.[4]

Proceed to Instruction No. 4.

---

[3] O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS CIVIL COMPANION HANDBOOK, Vol. 2, § 21:1 (2015-2016) (citing O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 6th ed. Thomson Reuters § 101:43.)

[4] *Id.* (citing O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 6th ed. Thomson Reuters § 104:54.)

## INSTRUCTION NO. 4

### Witness Impeachment

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.[5]

Proceed to Instruction No. 5.

---

[5] Kevin F. O'Malley, et. al, Federal Jury Practice and Instructions §§ 105.04, 105.05 (5th ed. 2000).

## INSTRUCTION NO. 5

### Witnesses and Exhibits

The laws does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in this case.[6]

Proceed to Instruction No. 6.

---

[6] Kevin F. O'Malley, et. al, Federal Jury Practice and Instructions § 105.11 (5th ed. 2000).

**INSTRUCTION NO. 6**

**Burden of Proof – Preponderance of the Evidence**

The burden is on the plaintiff in a civil action such as this to prove every essential element of this claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. If the proof should fail to establish any essential element of the plaintiffs' claim by a preponderance of the evidence, the jury should find for the defendant as to that claim.[7]

Proceed to Instruction No. 7.

---

[7] Kevin F. O'Malley, et. al, Federal Jury Practice and Instructions § 104.1 (5th ed. 2000).

## INSTRUCTION NO. 7

### Affirmative Defenses

If upon a consideration of all the facts on an issue raised in one of these instructions or interrogatories, and you find that the plaintiff has failed to sustain the burden placed upon her, then you should proceed no further and your verdict must be for the defendant. If, however, you find that the plaintiff has sustained the burden on this issue, then you should proceed to consider any affirmative defense described in these instructions or an interrogatory. In this regard, the burden is upon the defendant to establish the affirmative defense described in the instruction or interrogatory.

If you determine that the defendant has sustained its burden of establishing the affirmative defense, then you should proceed no further and your verdict must be for the defendant on that issue. If, however, you find that the plaintiff has established the essential elements of her case and that the defendant has not sustained its burden of the affirmative defense, then you should proceed to consider the issue of damages on that issue.[8]

Proceed to Instruction No. 8.

---

[8] See 4 Modern Federal Jury Instructions-Civil P 73.01 (2025).

# INSTRUCTION NO. 8

## Procedural Matters

Immediately upon retiring to the Jury Room, you shall select one of your members to act as a foreperson of the Jury.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. The verdict must be unanimous.

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember at all times that you are not partisans. You are judges—judges of facts. Your sole interest is to seek the truth from the evidence in the case.[9]

Proceed to Instruction No. 9.

---

[9] O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS CIVIL COMPANION HANDBOOK, Vol. 2, § 21:1 (2015-2016) (citing O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 6th ed. Thomson Reuters § 103:01.)

## INSTRUCTION NO. 9

### FMLA Overview

Two claims in this case arise under a federal law known as the Family and Medical Leave Act, otherwise known as the FMLA. The FMLA provides eligible employees the right to take a total of 12 weeks of unpaid leave per year for several reasons, including to care for the employee's own "serious health condition" that renders the employee unable to perform her work functions. After the period of qualified leave expires, the employee generally is entitled to be reinstated to the former position or an equivalent one with the same benefits and terms of employment that existed before the employee took the leave. The FMLA provides that it is unlawful for any employer to interfere with, restrain or deny a right provided by the FMLA.[10]

Proceed to Instruction No. 10.

---

[10] O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS CIVIL COMPANION HANDBOOK, Vol. 2, § 21:2 (2015-2016) (citing O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 6th ed. Thomson Reuters § 179:01 – Nature of the Claim.)

**INSTRUCTION NO. 10**

**FMLA – "Serious health condition"**

As used in these instructions, the phrase "serious health condition" means an illness, injury, impairment or physical or mental condition that involves either (1) inpatient care in a hospital, hospice or residential medical care facility, or (2) continuing treatment by a health care provider.[11] A "serious health condition" includes a mental condition that involves continuing treatment by a health care provider, including a condition that requires periodic visits for treatment by a health care provider that continues over an extended period of time and may prevent an employee from performing the duties of her position.[12]

Proceed to Instruction No. 11.

---

[11] O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 6th ed. Thomson Reuters § 179:31 – Serious health condition.

[12] O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS CIVIL COMPANION HANDBOOK, Vol. 2, § 21:2 (2015-2016) (citing O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 6th ed. Thomson Reuters § 179:31 – Serious health condition.)

## INSTRUCTION NO. 11

## FMLA – "Appropriate notice"

"Appropriate notice" as used in these instructions means Plaintiff must have notified Medquest of her need for leave as soon as practicable after she learned of the need to take leave.[13]

Proceed to Instruction No. 12.

---

[13] O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 6th ed. Thomson Reuters § 179:33.

**INSTRUCTION NO. 12**

**FMLA – Two Theories of Recovery**

The Court recognizes two distinct theories for recovery under the FMLA: (1) the "interference" theory, [14] and (2) the "retaliation" theory.[15]  In this case, Plaintiff makes a claim under both theories. She alleges that Medquest interfered with her rights under the FMLA and that Medquest retaliated against her for taking FMLA leave.

Proceed to Instruction No. 13.

---

[14] 29 U.S.C. § 2615(a)(1).
[15] 29 U.S.C. § 2615(a)(2).

## INSTRUCTION NO. 12

### FMLA Interference – Standard

Plaintiff claims that she was entitled to time off from work under the FMLA and that Medquest interfered with, restrained or denied her entitlement to that time off. To prevail on her interference claim, Plaintiff must prove each of the following by a preponderance of the evidence:

That Plaintiff was eligible for leave under the FMLA; *and*[16]

That Plaintiff was entitled to time off from work because she had a "serious health condition" that made her unable to perform the functions of her job; *and*[17]

That Plaintiff gave Medquest proper notice of the need for time off from work; *and*[18]

That Medquest denied the FMLA benefits to which Plaintiff was entitled.[19]

But if MedQuest proves by preponderance of the evidence that it would've taken the same action if Plaintiff had not taken FMLA leave, you shall find for MedQuest.[20]

Proceed to Interrogatory No. 1.

---

[16] O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 6th ed. Thomson Reuters § 179:26 – Interference with leave rights.
[17] *Id.*
[18] *Id.*
[19] *Donald v. Sybra, Inc.*, 667 F.3d 757, 761 (6th Cir. 2012).
[20] See 5 Modern Federal Jury Instructions-Civil P 88.04, Instruction 88-142 (2025)

**INSTRUCTION NO. 13**

**FMLA Interference – Damages for Equivalent Position through Discharge**

If you found in favor of Plaintiff, you must award her the amount of any wages, salary, and employment benefits she would have earned in her employment with Medquest if she had been returned to an equivalent position in April 2023 through her discharge on October 26, 2023.[21]

Proceed to Interrogatory No. 4.

---

[21] O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 6th ed. Thomson Reuters § 179:60 – Damages, generally.

## INSTRUCTION NO. 14

## FMLA Interference – Damages for Discharge through Trial

If you found in find in favor of Plaintiff, you must award her the amount of any wages, salary, and employment benefits she would have earned in her employment with Medquest if she had not been discharged on October 26, 2023 through the date of your verdict, minus the amount of earnings and benefits from other employment received by plaintiff during that time.[22]

Proceed to Instruction No. 15.

---

[22] O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 6th ed. Thomson Reuters § 179:60 – Damages, generally.

## INSTRUCTION NO. 15

### FMLA Interference – Mitigation of Damages and After Acquired Information

Plaintiff must make every reasonable effort to minimize or reduce her damages for loss of compensation by seeking employment. This is referred to as "mitigation of damages." Medquest must prove by a preponderance of the evidence that Plaintiff failed to mitigate her damages for loss of compensation.

If you determine that Plaintiff is entitled to damages, you must reduce these damages by:

1. What Plaintiff earned and

2. What Plaintiff could have earned by reasonable effort during the period from Plaintiff's discharge until the date of trial.

Plaintiff must accept employment that is "of a like nature." In determining whether employment meets that definition, you may consider:

1. The type of work,

2. The hours worked,

3. The compensation,

4. The job security,

5. The working conditions, and

6. Other conditions of employment.

You must decide whether Plaintiff acted reasonably in not seeking or accepting a particular job. If you determine Plaintiff did not make reasonable efforts to obtain another similar job, you must decide whether any damages resulted from plaintiff's failure to do so. You must not compensate Plaintiff for

any portion of her damages resulting from her failure to make reasonable efforts to reduce her damages.[23]

If you determine from the evidence that MedQuest would have discharged Plaintiff based on information it learned after the discharge, including information discovered during this litigation, you shall not award Plaintiff any wages, salary, and employment benefits she would have earned after MedQuest discover that information.[24]

Proceed to Interrogatory No. 4.

---

[23] O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 6th ed. Thomson Reuters § 179:61 – Mitigation of damages.

[24] *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 362, 115 S. Ct. 879, 886 (1995); *Edgar v. JAC Prods.*, 443 F.3d 501, 514 (6th Cir. 2006).

## INSTRUCTION NO. 16

### FMLA Retaliation - Standard

Plaintiff alleges that Medquest retaliated against her because she engaged in activity protected by the FMLA. In order to prevail on this claim, Plaintiff must prove each of the following elements by a preponderance of the evidence:

1. Plaintiff engaged in an activity protected by the FMLA; <u>and</u>

2. Medquest knew Plaintiff was exercising her rights under the FMLA; <u>and</u>

3. After learning that Plaintiff was exercising her FMLA rights, Medquest took adverse employment action against her by demoting or discharging her; <u>and</u>

4. There was a causal connection between the protected FMLA activity and the adverse employment action.[25]

If Plaintiff proves all of those elements by a preponderance of the evidence, Medquest has the opportunity to prove a legitimate, non-discriminatory reason for Plaintiff's return to work conditions and/or discharge.[26] If Medquest cannot prove a legitimate, non-discriminatory reason for Plaintiff's return to work conditions and/or discharge by a preponderance of the evidence, you will find for Plaintiff on this claim.

After Medquest provides its legitimate, non-discriminatory reason, Plaintiff must demonstrate pretext by showing that the proffered reason (1) had no basis in fact; (2) did not actually motivate the action; or (3) was insufficient to warrant the action.[27] If Plaintiff cannot prove pretext by a preponderance of the evidence, you will find for Medquest on this claim.

I will explain each of the relevant terms.

---

[25] *Donald v. Sybra, Inc.*, 667 F.3d 757, 761 (6th Cir. 2012).
[26] *Seeger v. Cincinnati Bell Tel. Co.*, 681 F.3d 274, 285 (6th Cir. 2012).
[27] *Smith v. Chrysler Corp.*, 155 F.3d 799, 805-06 (6th Cir. 1998).

Proceed to Instruction No. 18.

## INSTRUCTION NO. 18

## FMLA Retaliation – "Protected Activity"

An FMLA retaliation (or discrimination) theory arises from the FMLA's prohibition on employer discrimination or retaliation against employees who take family and medical leave.[28]   In particular, employers may not use the taking of FMLA leave as a negative factor in employment actions.[29]

An FMLA retaliation claim prohibits employers from discriminating against anyone for opposing any practice made unlawful by the FMLA.[30]   An employer's motive is relevant to an FMLA retaliation claim that acts against employees specifically because those employees invoked their FMLA rights are unlawful.[31]

To demonstrate "protected activity," Plaintiff must show that she opposed a practice which she reasonably believed to be a violation of the FMLA and its accompanying regulations.[32]   Importantly, when a Plaintiff alleges she complained of unlawful practices, to prove she engaged in protected activity, she must show it was possible to discern from the context of the statement that she was opposing an unlawful practice.[33]   Although no magic words are required, to qualify as protected opposition the employee must convey to the employer his or

---

[28] 29 U.S.C. § 2615(a)(2).
[29] 29 C.F.R. § 825.220(c); *Arban v. West Publ'g Corp.*, 345 F.3d 390, 403 (6th Cir. 2003).
[30] 29 U.S.C. § 2615(a)(2).
[31] *Edgar*, 443 F.3d at 508.
[32] 29 U.S.C. § 2615(a)(2); 29 C.F.R. § 825.220(e).
[33] *Braden v. Cnty. of Washington*, 749 F. Supp. 2d 299, 305 (W.D. Pa. 2010) (citation omitted).

her concern that the employer has engaged in a practice made unlawful by the statute.[34]  Accordingly, employee complaints that a reprimand or disciplinary practice was undeserved, or of unfair treatment, or merely disagreeing with disciplinary practices, do not constitute protected activity.[35]  Crucial to this point is the employer's awareness, or potential awareness, that the employee's opposition was directed at prohibited conduct.[36]

Proceed to Instruction No. 19.

---

[34] *Id.*
[35] *Id.* (citations omitted).
[36] *Id.*

## INSTRUCTION NO. 19

### FMLA Retaliation – "Causal Connection"

To establish causal connection, Plaintiff must offer sufficient evidence that the protected activity was the likely reason for the adverse employment action.[37] In determining whether there is a causal relationship between a plaintiff's protected activity and an allegedly retaliatory act, one element you may consider is whether there is a temporal connection between the protected activity and the retaliatory action.[38] When analyzing temporal proximity, you should look to the date on which the employee requests leave.[39]

The temporal proximity/causal connection element is typically satisfied only where the adverse employment action occurred within a matter of months or less of the protected activity.[40]  Even four or five months of separation between the notification of intent to take FMLA leave and the adverse employment action is insufficient by itself to demonstrate a causal connection.[41]

Proceed to Interrogatory No. 5.

---

[37] *Chavez v. Dakkota Integrated Sys., LLC,* 832 F. Supp. 2d 786, 799 (W.D. Ky. 2011).

[38] *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 516-17 (6th Cir. 2009).

[39] *See Hall v. Ohio Bell Tel. Co.*, 529 Fed. Appx. 434, 441 (6th Cir. 2013).

[40] *Dixon v. Gonzales*, 481 F.3d 324, 334 (6th Cir. 2007).

[41] *See Blosser v. AK Steel Corp.*, 520 F. App'x. 359, 363-64 (6th Cir. 2013); *Hafford v. Seidner*, 183 F.3d 506, 515 (6th Cir. 1999).

**INSTRUCTION NO. 20**

**FMLA Retaliation – Damages for Return to Work**

If you found in favor of Plaintiff, you must award her the amount of any wages, salary, and employment benefits she would have earned in her employment with Medquest if she had been returned to an equivalent position in April 2023 through her discharge on October 26, 2023.[42]

Proceed to Instruction No. 23.

---

[42] O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 6th ed. Thomson Reuters § 179:60 – Damages, generally.

**INSTRUCTION NO. 21**

**FMLA Retaliation – Damages for Return to Work**

If you found in favor of Plaintiff, you must award her the amount of any wages, salary, and employment benefits she would have earned in her employment with Medquest if she had been returned to an equivalent position in April 2023 through her discharge on October 26, 2023.[43]

Proceed to Interrogatory No. 16.

---

[43] O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 6th ed. Thomson Reuters § 179:60 – Damages, generally.

**INSTRUCTION NO. 22**

**FMLA Retaliation – Damages for Discharge through Trial**

If you found in find in favor of Plaintiff, you must award her the amount of any wages, salary, and employment benefits she would have earned in her employment with Medquest if she had not been discharged on October 26, 2023 through the date of your verdict, minus the amount of earnings and benefits from other employment received by plaintiff during that time.[44]

Proceed to Instruction No. 23.

---

[44] O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 6th ed. Thomson Reuters § 179:60 – Damages, generally.

## INSTRUCTION NO. 23

### FMLA Retaliation – Mitigation of Damages

Plaintiff must make every reasonable effort to minimize or reduce her damages for loss of

compensation by seeking employment. This is referred to as "mitigation of damages." Medquest

must prove by a preponderance of the evidence that Plaintiff failed to mitigate her damages for

loss of compensation.

If you determine that Plaintiff is entitled to damages, you must reduce these damages by:

1.      What Plaintiff earned and

2.      What Plaintiff could have earned by reasonable effort during the

        period from Plaintiff's discharge until the date of trial.

Plaintiff must accept employment that is "of a like nature." In determining whether employment meets that definition, you may consider:

1.      The type of work,

2.      The hours worked,

3.      The compensation,

4.      The job security,

5.      The working conditions, and

6.      Other conditions of employment.

You must decide whether Plaintiff acted reasonably in not seeking or accepting a particular job. If you determine Plaintiff did not make reasonable efforts to obtain

another similar job, you must decide whether any damages resulted from plaintiff's failure to do so.

You must not compensate Plaintiff for any portion of her damages resulting from her failure to make reasonable efforts to reduce her damages.[45]

Proceed to Interrogatory No. 16.

---

[45] O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 6th ed. Thomson Reuters § 179:61 – Mitigation of damages.

## INSTRUCTION NO. 24

### ADA Disability Discrimination - Standard

Plaintiff has also filed a claim of disability discrimination against Medquest under the Americans with Disabilities Act, otherwise known as the ADA. The ADA prohibits an employer from discriminating against an otherwise qualified employee on the basis of the employee's disability or handicap.

To prove her claim, Plaintiff must show by a preponderance of the evidence, each of the following things:

1.     That she was "disabled" or "regarded as disabled" within the meaning of the ADA;

2.     That she was "qualified" to perform her job;

3.     That she suffered an adverse employment decision;

4.     That Medquest knew or had reason to know of Plaintiff's disability; and

5.     That Plaintiff's alleged actual or perceived disability was the "but for" cause of any adverse employment decision.[46]

If Plaintiff proves all of those elements and by a preponderance of the evidence, Medquest has the opportunity to prove a legitimate, non-discriminatory reason for Plaintiff's return to work conditions and/or discharge.[47]  If Medquest cannot prove a legitimate, non-discriminatory reason for Plaintiff's return to work conditions and/or discharge by a preponderance of the evidence, you will find for Plaintiff on this claim.

---

[46] 42 U.S.C. § 12111; *Whitfield v. Tennessee*, 639 F.3d 253, 258-59 (6th Cir. 2011); *Demyanovich v. Cadon Plating & Coatings, L.L.C.*, 747 F.3d 419, 433 (6th Cir. 2014).

[47] *Mitchell v. Detroit Med. Ctr.*, 2000 U.S. App. LEXIS 15941, *9 (6th Cir. 2000).

After Medquest provides its legitimate, non-discriminatory reason, Plaintiff must demonstrate pretext by showing that the proffered reason (1) had no basis in fact; (2) did not actually motivate the action; or (3) was insufficient to warrant the action.[48] If Plaintiff cannot prove pretext by a preponderance of the evidence, you will find for Medquest on this claim.

I will explain each of the relevant terms.

Proceed to Instruction No. 25.

---

[48] *See id.*

## INSTRUCTION NO. 25

### ADA Disability Discrimination – "Disability," "Major Life Activity," and "Substantially Limits"

Under the ADA, the term "disability" means (1) a physical or mental impairment that substantially limits one or more major life activities; (2) a record of such an impairment; or (3) being "regarded as" having such an impairment.[49]

An employee is "regarded as" disabled under the ADA if his or her employer: (1) mistakenly believes that the employee has a physical impairment that substantially limits one or more major life activities, or (2) mistakenly believes that an actual, non-limiting impairment substantially limits one or more of an employee's major life activities.[50]

A "major life activity" is an activity of central importance to a person's daily life.

Examples of such activities include caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning or working. An impairment that limits the "major life activity" of working must significantly restrict the plaintiff's ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable skills and abilities. The inability to perform a single particular job does not constitute a substantial limitation in the major life activity of working.[51]

---

[49] O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS CIVIL COMPANION HANDBOOK, Vol. 2, § 15:1 (2015-2016) (citing O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 6th ed. Thomson Reuters § 172:30 – Disability; § 172:34 – Substantially limited; § 172:35 – Major activities of life; § 172:36 – Regarded as having an impairment).

[50] *Greuner v. Ohio Cas. Ins. Co.*, 510 F.3d 661, 664 (6th Cir. 2008); 42 U.S.C. § 12102(3)(A).

[51] O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 6th ed. Thomson Reuters § 172:35 – Major life activities.

"Substantially limits" means that the activity is limited to a considerable or large degree. It is not necessary that the plaintiff be completely unable to engage in the activity.  An impairment can substantially limit a major life activity, even though the Plaintiff is still able to engage in the activity to some extent.[52]

Proceed to Instruction No. 26.

---

[52] O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS CIVIL COMPANION HANDBOOK, Vol. 2, § 15:1 (2015-2016) (citing O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 6th ed. Thomson Reuters § 172:30 – Disability; § 172:34 – Substantially limited; § 172:35 – Major activities of life; § 172:36 – Regarded as having an impairment).

## INSTRUCTION NO. 26

### ADA Disability Discrimination – "Qualified Individual" and "Essential Functions"

To be a "qualified individual," under the ADA, Plaintiff must prove that she was able to perform the essential functions of her job, or would have been able to perform those essential functions with a reasonable accommodation.

The "essential functions" of a job are the fundamental duties associated with a particular position.

In determining the essential functions of Plaintiff's job, you may consider the following factors, among others (1) the employer's judgment as to what functions of the job are essential; (2) the amount of time spent on the job performing the function in question; and (3) the work experience of persons who have held the job.[53]

Proceed to Instruction No. 27.

---

[53] O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS CIVIL COMPANION HANDBOOK, Vol. 2, § 15:1 (2015-2016) (citing O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 6th ed. Thomson Reuters § 172:31 – Qualified individual with a disability; § 172:33 – Essential job functions).

## INSTRUCTION NO. 27

### ADA Disability Discrimination – Employer Knowledge

Plaintiff must also prove that Medquest knew of her disability. Under the law, it is the obligation of the employee to make the existence of the disability known to the employer, in order to trigger the employer's obligation to provide a reasonable accommodation. It is not the employer's obligation to ask the employee whether she has a disability, or to draw inferences from observing the employee, or to speculate or guess about the possibility of a disability. Nor may the employee simply assume that the employer is aware of the existence of the disability.

The employee must act reasonably in making known the existence of her disability; that is, she must communicate the existence of the disability in a manner reasonably calculated to notify the person or persons at the employer who are in a position to provide, or arrange for, any reasonable accommodation.[54]

In addition, an employee cannot be considered to have been fired or demoted "on the basis of disability" unless the individual decision-maker who fired the individual had knowledge of that disability.[55]

Proceed to Instruction No. 28.

---

[54] O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS CIVIL COMPANION HANDBOOK, Vol. 2, § 15:1 (2015-2016) (citing O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 6th ed. Thomson Reuters § 172:39 – Reasonable accommodation).
[55] *See Burns v. City of Columbus, Dep't of Pub. Safety, Div. of Police,* 91 F.3d 836, 844 (6th Cir. 1996); *Landefeld v. Marion Gen. Hosp., Inc.,* 994 F.2d 1178, 1181-82 (6th Cir. 1993); *Moloney v. Home Depot U.S.A., Inc.,* 2013 U.S. Dist. LEXIS 16526, *1 (E.D. Mich. 2013).

## INSTRUCTION NO. 28

### ADA Disability Discrimination – "But for" Cause

As stated in Instruction No. 24, Plaintiff must show by a preponderance of the evidence that her alleged actual or perceived disability was the "but for" cause of any adverse employment decision.[56] The "but for" cause of any adverse employment decision means that the decision was made "on the basis of disability."[57]

Proceed to Interrogatory No. 17.

---

[56] 42 U.S.C. § 12111; *Whitfield v. Tennessee*, 639 F.3d 253, 258-59 (6th Cir. 2011); *Demyanovich v. Cadon Plating & Coatings, L.L.C.*, 747 F.3d 419, 433 (6th Cir. 2014).

[57] *Yarberry v. Gregg Appliances, Inc.*, 2015 U.S. App. LEXIS 15879, *15 (6th Cir. 2015).

## INSTRUCTION NO. 29

**ADA Disability Discrimination – Damages for Return to Work Conditions**

If you found in favor of Plaintiff, you must award her the amount of any wages, salary, and employment benefits she would have earned in her employment with Medquest if she had not been demoted in September 2012 through the date of your verdict, minus the amount of earnings and benefits from other employment received by plaintiff during the time between her discharge in October 2013 and the verdict.[58]

Proceed to Instruction No. 32.

---

[58] O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 6th ed. Thomson Reuters § 179:60 – Damages, generally.

## **INSTRUCTION NO. 30**

### **ADA Disability Discrimination – Damages for Discharge through Trial**

If you found in find in favor of Plaintiff, you must award her the amount of any wages, salary, and employment benefits she would have earned in her employment with Medquest if she had not been discharged on October 26, 2023 through the date of your verdict, minus the amount of earnings and benefits from other employment received by plaintiff during that time.[59]

Proceed to Instruction No. 31.

---

[59] O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 6th ed. Thomson Reuters § 179:60 – Damages, generally.

## INSTRUCTION NO. 31

### ADA Disability Discrimination – Compensatory Damages

If you find in Plaintiff's favor on her ADA claim, then you must determine an amount that is fair compensation for Plaintiff's damages. You may award compensatory damages only for injuries that Plaintiff proves were caused by Medquest' allegedly wrongful conduct.

The damages that you award must be fair compensation-no more and no less. However, the law limits Plaintiff's damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life to $300,000.[60]

You may award damages for any pain, suffering or mental anguish Plaintiff experienced as a consequence of Medquest' discrimination. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be air in light of the evidence presented at the trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that Plaintiff provide the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.[61]

---

[60] 42 USCS § 1981a (3).
[61] O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 6th ed. Thomson Reuters § 172:70 – Compensatory damages.

Proceed to Instruction No. 32.

**INSTRUCTION NO. 32**[62]

**ADA Disability Discrimination – Front Pay**

You must also calculate separately, as future damages, also known as front pay, a monetary amount equal to the present value of the wages and benefits Plaintiff would have earned had Plaintiff not been discharged for the period from the date of your verdict until the date when Plaintiff would have voluntarily resigned or obtained other employment.

You must also reduce any award to its present value by considering the interest that Plaintiff could earn on the amount of the award if Plaintiff had made a relatively risk-free investment. The reason you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to Plaintiff if she receives it today than if she received it in the future, when she would otherwise have earned it. It is more valuable because Plaintiff can earn interest on it for the period of time between the date of the award and the date she would have earned the money. Thus, you should adjust the amount of any award for future loss of earnings by the amount of interest that Plaintiff can earn on that amount in the future.[63]

If you reviewed Instruction Nos. 29 or 31, proceed to Instruction No. 34.

---

[62] Medquest notes that the Court must first determine Plaintiff's entitlement to front pay before the issue can be submitted to the jury. *See e.g.*, *Arban v. West Publishing Corp.*, 345 F.3d 390 (6th Cir. 2003).

[63] O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 6th ed. Thomson Reuters § 172:72 – Front pay.

<u>If you reviewed Instruction No. 30, proceed to Interrogatory No. 24.</u>

## INSTRUCTION NO. 33

### ADA Disability Discrimination – Mitigation of Damages

Plaintiff must make every reasonable effort to minimize or reduce her damages for loss of

compensation by seeking employment. This is referred to as "mitigation of damages." Medquest

must prove by a preponderance of the evidence that Plaintiff failed to mitigate her damages for

loss of compensation.

If you determine that Plaintiff is entitled to damages, you must reduce these damages by:

1.  What Plaintiff earned and

2.  What Plaintiff could have earned by reasonable effort during the

    period from Plaintiff's discharge until the date of trial.

Plaintiff must accept employment that is "of a like nature." In

determining whether employment meets that definition, you may consider:

1.  The type of work,

2.  The hours worked,

3.  The compensation,

4.  The job security,

5.  The working conditions, and

6.  Other conditions of employment.

You must decide whether Plaintiff acted reasonably in not seeking or

accepting a particular job. If you determine Plaintiff did not make reasonable

efforts to obtain another similar job, you must decide whether any damages

resulted from plaintiff's failure to do so.

You must not compensate Plaintiff for any portion of her damages resulting from her failure to make reasonable efforts to reduce her damages.[64]

If you determine from the evidence that MedQuest would have discharged Plaintiff based on information it learned after the discharge, including information discovered during this litigation, you shall not award Plaintiff any wages, salary, and employment benefits she would have earned after MedQuest discover that information.[65]

Proceed to Interrogatory No. 24.

---

[64] O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 6th ed. Thomson Reuters § 179:61 – Mitigation of damages.
[65] *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 362, 115 S. Ct. 879, 886 (1995); *Edgar v. JAC Prods.*, 443 F.3d 501, 514 (6th Cir. 2006).