**INTERROGATORY NO. 1**

**FMLA Interference – *Prima Facie* Case**

As set forth in Instruction No. 12, do you find, by a preponderance of the evidence:

1.    That Plaintiff was eligible leave under the FMLA?

      Yes _____No _____

2.    That Plaintiff was entitled to time off from work because she had a

      "serious health condition" that made her unable to perform the functions of her

      job?

      Yes _____No _____

3.    That Plaintiff gave Medquest proper notice of the need for time off from work?

      Yes _____No _____

4.    That Medquest denied the FMLA benefits to which Plaintiff was entitled?

      Yes _____ No _____


      _____
      Foreperson

      If you answered "YES" to <u>all</u> subparts of Interrogatory No. 1, please proceed to Interrogatory No. 2. You have found for Plaintiff on this claim.

      If you answered "NO" to <u>any</u> subpart of Interrogatory No. 1, please proceed to Instruction No. 16. You have found for Medquest on this claim.

pg. 1

## INTERROGATORY NO. 2

### FMLA Interference-Affirmative Defense

As set forth in Instruction No 12, do you find by a preponderance of the evidence that MedQuest would have made the same decision with regard to plaintiff in relation to her:

    1.    Return to work?

        Yes _____No _____

    2.    Discharge?

        Yes _____   No _____

                        _____
                        Foreperson

       If you answered "YES" to both subparts of Interrogatory No. 2, please proceed to Instruction No. 16. You have found for Medquest on this claim.

       If you answered "NO" to either subpart of Interrogatory No. 2, please proceed to Interrogatory No. 3.

## INTERROGATORY NO. 3

### FMLA Interference – Denied Benefits

We the jury find that Medquest denied FMLA benefits to which Plaintiff was entitled in

relation to her:

3. Return to work?

Yes _____ No _____

4. Discharge?

Yes _____     No _____

_____
Foreperson

If you answered "YES" to <u>both</u> subparts of Interrogatory No. 2, please proceed to Instruction No. 13.

If you answered "YES" to <u>only subpart 1</u> of Interrogatory No. 2, please proceed to Instruction No. 14.

If you answered "YES" to <u>only subpart 2</u> of Interrogatory No. 2, please proceed to Instruction No. 15.

## INTERROGATORY NO. 4

### FMLA Interference - Damages

What amount of money (including benefits), if any, do you find would fairly and reasonably compensate Plaintiff for the actual monetary losses, if any, that she suffered because Medquest denied, restrained or interfered with her right to leave under the FMLA, or with Plaintiff's attempt to exercise leave under the FMLA?

$_____

_____
Foreperson

Proceed to Instruction No. 16.

## INTERROGATORY NO. 5

### FMLA Retaliation – *Prima Facie* Case

As set forth in Instruction No. 16, do you find, by a preponderance of the evidence:

1.  That Plaintiff engaged in an "protected activity" under the FMLA?

    Yes _____ No _____

2.  That Medquest knew Plaintiff was exercising her rights under the FMLA?

    Yes _____ No _____

    _____
    Foreperson

If you answered "YES" to <u>both</u> subparts of Interrogatory No. 5, please proceed to Interrogatory No. 6.

If you answered "NO" to <u>either</u> subpart of Interrogatory No. 5, please proceed to Instruction No. 24. You have found for Medquest on this claim.

**INTERROGATORY NO. 6**

**FMLA Retaliation – Adverse Employment Action**

We, the jury, find that Medquest took adverse employment action against Plaintiff by:

      1.      Failing to return her to equivalent position.

            Yes _____No _____

      2.      Discharging her.

            Yes _____No _____

                          _____
                          Foreperson

If you answered "YES" to <u>both</u> subparts of Interrogatory No. 6, please proceed to Interrogatory No. 7.

If you answered "YES" to <u>only subpart 1</u> of Interrogatory No. 6, please proceed to Interrogatory No. 8.

If you answered "YES" to <u>only subpart 2</u> of Interrogatory No. 6, please proceed to Interrogatory No. 9.

If you answered "NO" to Interrogatory No. 5, please proceed to Instruction No. 24. You have found for Medquest on this claim.

pg. 6

## INTERROGATORY NO. 7

### FMLA Retaliation - Causal Connection (Return to work and Discharge)

We, the jury, find that there was a causal connection between the protected FMLA activity and:

    1.    Plaintiff's return to work?

        Yes _____ No _____

    2.    Plaintiff's discharge?

        Yes _____ No _____

_____
Foreperson

If you answered "YES" to <u>both</u> subparts of Interrogatory No. 7, please proceed to Interrogatory No. 10.

If you answered "YES" to <u>only subpart 1</u> of Interrogatory No. 7, please proceed to Interrogatory No. 11.

If you answered "YES" to <u>only subpart 2</u> of Interrogatory No. 7, please proceed to Interrogatory No. 12.

If you answered "NO" to <u>both parts</u> of Interrogatory No. 7, please proceed to Instruction No. 24. You have found for Medquest on this claim.

**INTERROGATORY NO. 8**

**FMLA Retaliation - Causal Connection (Return to work)**

We the jury find that there was a causal connection between the protected FMLA activity

and Plaintiff's return to work?

Yes _____        No _____

_____
Foreperson

If you answered "YES" to Interrogatory No. 8, please proceed to Interrogatory No. 11.

If you answered "NO" to Interrogatory No. 8, please proceed to Instruction No. 24. You have found for Medquest on this claim.

## INTERROGATORY NO. 9

### FMLA Retaliation – Causal Connection (Discharge)

We the jury find that there was a causal connection between the protected FMLA activity and Plaintiff's discharge?

Yes _____        No _____

_____
Foreperson

If you answered "YES" to Interrogatory No. 9, please proceed to Interrogatory No. 12.

If you answered "NO" to Interrogatory No. 9, please proceed to Instruction No. 24. You have found for Medquest on this claim.

**INTERROGATORY NO. 10**

**FMLA Retaliation – Legitimate, Non-discriminatory Reason (Return to work and Discharge)**

Did Medquest articulate that it had a legitimate, non-discriminatory reason for:

    1.    Plaintiff's return to work?

         Yes _____ No _____

    2.    Plaintiff's discharge?

         Yes              No

                           _____
                              Foreperson

If you answered "YES" to <u>both</u> parts of Interrogatory No. 10, please proceed to Interrogatory No. 13.

If you answered "NO" to <u>only subpart 1</u> of Interrogatory No. 10, please proceed to Interrogatory No. 14.

If you answered "NO" to <u>only subpart 2</u> of Interrogatory No. 10, please proceed to Interrogatory No. 15.

If you answered "NO" to <u>both</u> subparts of Interrogatory No. 10, please proceed to Instruction No. 20. You have found for Plaintiff on this claim.

## INTEROGATORY NO. 11

### FMLA Retaliation – Legitimate, Non-discriminatory Reason (Return to work)

Did Medquest articulate that it had a legitimate, non-discriminatory reason for Plaintiff's

return to work?

Yes _____        No _____

_____
Foreperson

If you answered "YES" to Interrogatory No. 11, please proceed to Interrogatory No. 14.

If you answered "NO" to Interrogatory No. 11, please proceed to Instruction No. 21.

## <u>INTERROGATORY NO. 12</u>

**FMLA Retaliation – Legitimate, Non-discriminatory Reason (Discharge)**

Did Medquest articulate that it had a legitimate, non-discriminatory reason for Plaintiff's

discharge?

Yes _____      No _____

_____
Foreperson

If you answered "YES" to Interrogatory No. 12, please proceed to Interrogatory No. 15.

If you answered "NO" to Interrogatory No. 12, please proceed to Instruction No. 23.

**INTERROGATORY NO. 13**

**FMLA Retaliation - Pretext (Return to work and Discharge)**

Did Plaintiff prove pretext, as described in Instruction No. 17, by a preponderance of the evidence as follows:

1.  Did Plaintiff demonstrate that Medquest' proffered reason for her return to work had no basis in fact?

    Yes _____          No _____

2.  Did Plaintiff demonstrate that Medquest' proffered reason for her discharge had no basis in fact?

    Yes _____          No _____

3.  Did Plaintiff demonstrate that Medquest' proffered reason for her return to work did not actually motivate the action?

    Yes _____No _____

4.  Did Plaintiff demonstrate that Medquest' proffered reason for her discharge did not actually motivate the action?

    Yes _____          No _____

5.  Did Plaintiff demonstrate that Medquest' proffered reason for her return to work was insufficient to warrant the action?

    Yes _____No _____

6.  Did Plaintiff demonstrate that Medquest' proffered reason for her discharge was insufficient to warrant the action?

    Yes _____          No _____

    _____
    Foreperson

If you answered "YES" to one subpart of Interrogatory No. 13 numbered 1, 3, and 5 <u>and</u> one subpart of Interrogatory No. 13 numbered 2, 4, and 6, please proceed to Instruction No. 20. You have found for Plaintiff on this claim.

If you answered "YES" to only one subpart of Interrogatory No. 13 numbered 1, 3, and 5 please proceed to Instruction No. 21. You have found for Plaintiff on this claim.

If you answered "YES" to only one subpart of Interrogatory No. 12 numbered 2, 4, and 6 please proceed to Instruction No. 22. You have found for Plaintiff on this claim.

If you answered "NO" <u>all</u> parts of Interrogatory No. 12, please proceed to Instruction No. 24. You have found for Medquest on this claim.

**INTERROGATORY NO. 14**

**FMLA Retaliation - Pretext (Return to work)**

Did Plaintiff prove pretext, as described in Instruction No. 17, by a preponderance of the evidence as follows:

    1.    Did Plaintiff demonstrate that Medquest' proffered reason for her return to work had no basis in fact?

        Yes _____ No _____

    2.    Did Plaintiff demonstrate that Medquest' proffered reason for her return to work did not actually motivate the action?

        Yes _____ No _____

    3.    Did Plaintiff demonstrate that Medquest' proffered reason for her return to work was insufficient to warrant the action?

        Yes               No

_____
Foreperson

If you answered "YES" to <u>any</u> part of Interrogatory No. 14, please proceed to Instruction No. 21. You have found for Plaintiff on this claim.

If you answered "NO" <u>all</u> parts of Interrogatory No. 14, please proceed to Instruction No. 24. You have found for Medquest on this claim.

**INTERROGATORY NO. 15**

**FMLA Retaliation - Pretext (Discharge)**

Did Plaintiff prove pretext, as described in Instruction No. 17, by a preponderance of

the evidence as follows:

> 1. Did Plaintiff demonstrate that Medquest' proffered reason for her discharge
>    had no basis in fact?
>
>    Yes _____ No _____
>
> 2. Did Plaintiff demonstrate that Medquest' proffered reason for her discharge
>    did not actually motivate the action?
>
>    Yes _____ No _____
>
> 3. Did Plaintiff demonstrate that Medquest' proffered reason for her discharge
>    was insufficient to warrant the action?
>
>    Yes                          No

_____
Foreperson


If you answered "YES" to <u>any</u> part of Interrogatory No. 15, please proceed to Instruction
No. 22. You have found for Plaintiff on this claim.

If you answered "NO" <u>all</u> parts of Interrogatory No. 15, please proceed to Instruction
No. 24. You have found for Medquest on this claim.

## INTERROGATORY NO. 16

### FMLA Retaliation - Damages

What amount of money, if any, do you find would fairly and reasonably compensate Plaintiff for the actual monetary losses, if any, that she suffered because Medquest retaliated against her because she engaged in activity protected by the FMLA?

$_____

_____
Foreperson

Proceed to Instruction No. 24.

## INTERROGATORY NO. 17

### ADA Disability Discrimination – *Prima Facie* Case

As set forth in Instruction Nos. 24 to 28, do you find, by a preponderance of the evidence:

1.   That Plaintiff was "disabled" or "regarded as disabled" within the meaning of the ADA;

     Yes  _____No _____

2.   That she was "qualified" to perform her job;

     Yes  _____No _____

3.   That she suffered an adverse employment decision; and

     Yes  _____No _____

4.   That Medquest knew or had reason to know of Plaintiff's disability at the time

     of that adverse employment action.

     Yes  _____No _____

                                 _____
                                 Foreperson


         If you answered "YES" to all subparts of Interrogatory No. 17, please proceed to Interrogatory No. 18.

         If you answered "NO" to any subpart of Interrogatory No. 17, please proceed to Instruction No. 35. You have found for Medquest on this claim.

**INTERROGATORY NO. 17**

**ADA Disability Discrimination – "But for" Cause**

We, the jury find that Plaintiff's alleged actual or perceived disability was the "but for"

cause of:[1]

      1.      Her return to work conditions?

              Yes _____ No _____

      2.      Her discharge?

              Yes _____ No _____

                                      _____
                                        Foreperson

If you answered "YES" to <u>both</u> parts of Interrogatory No. 17, please proceed to Interrogatory No. 18.

If you answered "YES" to <u>only subpart 1</u> of Interrogatory No. 17, please proceed to Interrogatory No. 19.

If you answered "YES" to <u>only subpart 2</u> of Interrogatory No. 17, please proceed to Interrogatory No. 20.

In you answered "NO" to <u>both</u> parts of Interrogatory No. 17, proceed to Instruction No. 35. You have found for Medquest on this claim.

---

[1] 42 U.S.C. § 12111; *Whitfield v. Tennessee*, 639 F.3d 253, 258-59 (6th Cir. 2011); *Demyanovich v. Cadon Plating & Coatings, L.L.C.*, 747 F.3d 419, 433 (6th Cir. 2014).

## INTERROGATORY NO. 18

### ADA Disability Discrimination Legitimate, Non-discriminatory reason
### (Return to work and Discharge)

Did Medquest articulate that it had a legitimate, non-discriminatory reason for:

1.      Plaintiff's return to work conditions?

        Yes _____ No _____

2.      Plaintiff's discharge?

        Yes _____           No _____

        _____
        Foreperson

        If you answered "YES" to <u>both</u> parts of Interrogatory No. 18, please proceed to Interrogatory No. 21.

        If you answered "YES" to <u>only subpart 1</u> of Interrogatory No. 18, please proceed to Interrogatory No. 22.

        If you answered "YES" to <u>only subpart 2</u> of Interrogatory No. 18, please proceed to Interrogatory No. 23.

        If you answered "NO" to <u>both</u> parts of Interrogatory No. 18, please proceed to Instruction No. 29. You have found for Plaintiff on this claim.

## INTERROGATORY NO. 19

**ADA Disability Discrimination Legitimate, Non-discriminatory reason (Return to work)**

Did Medquest articulate that it had a legitimate, non-discriminatory reason for Plaintiff's return to work conditions?

Yes _____      No _____

_____
Foreperson

If you answered "YES" to Interrogatory No. 19, please proceed to Interrogatory No. 22.

If you answered "NO" to Interrogatory No. 19, please proceed to Instruction No. 30. You have found for Plaintiff on this claim.

## <u>INTERROGATORY NO. 20</u>

**ADA Disability Discrimination – Legitimate, Non-discriminatory reason (Discharge)**

Did Medquest articulate that it had a legitimate, non-discriminatory reason for Plaintiff's

discharge?

Yes                          No

_____

Foreperson

If you answered "YES" to Interrogatory No. 20, please proceed to Interrogatory No. 23.

If you answered "NO" to Interrogatory No. 20, please proceed to Instruction No. 31. You have found for Plaintiff on this claim.

**<u>INTERROGATORY NO. 21</u>**

**ADA Disability Discrimination – Pretext (Return to work and Discharge)**

Did Plaintiff prove pretext, as described in Instruction No. 24, by a preponderance of the evidence as follows:

1.  Did Plaintiff demonstrate that Medquest' proffered reason for her return to work had no basis in fact?

    Yes _____ No _____

2.  Did Plaintiff demonstrate that Medquest' proffered reason for her discharge had no basis in fact?

    Yes                       No

3.  Did Plaintiff demonstrate that Medquest' proffered reason for her return to work did not actually motivate the action?

    Yes _____ No _____

4.  Did Plaintiff demonstrate that Medquest' proffered reason for her discharge did not actually motivate the action?

    Yes _____ No _____

5.  Did Plaintiff demonstrate that Medquest' proffered reason for her return to work was insufficient to warrant the action?

    Yes                       No

6.  Did Plaintiff demonstrate that Medquest' proffered reason for her discharge was insufficient to warrant the action?

    Yes                       No

    _____
    Foreperson

If you answered "YES" to one subpart of Interrogatory No. 21 numbered 1, 3, and 5 <u>and</u> one subpart of Interrogatory No. 21 numbered 2, 4, and 6, please proceed to Instruction No. 29. You have found for Plaintiff on this claim.

If you answered "YES" to only one subpart of Interrogatory No. 12 numbered 1, 3, and 5 please proceed to Instruction No. 30. You have found for Plaintiff on this claim.

If you answered "YES" to only one subpart of Interrogatory No. 12 numbered 2, 4, and 6 please proceed to Instruction No. 31. You have found for Plaintiff on this claim.

If you answered "NO" <u>all</u> parts of Interrogatory No. 12, please proceed to Instruction No. 35. You have found for Medquest on this claim.

## <u>INTERROGATORY NO. 22</u>

**ADA Disability Discrimination – Pretext (Return to work)**

Did Plaintiff prove pretext, as described in Instruction No. 24, by a preponderance of the

evidence as follows:

1.     Did Plaintiff demonstrate that Medquest' proffered reason for her return to
work had no basis in fact?

Yes  _____ No _____

2.     Did Plaintiff demonstrate that Medquest' proffered reason for her return to
work did not actually motivate the action?

Yes  _____ No _____

3.     Did Plaintiff demonstrate that Medquest' proffered reason for her return to
work was insufficient to warrant the action?

Yes                              No

_____
Foreperson

If you answered "YES" to <u>any</u> part of Interrogatory No. 22, please proceed to Instruction
No. 30. You have found for Plaintiff on this claim.

If you answered "NO" <u>all</u> parts of Interrogatory No. 22, please proceed to Instruction
No. 35. You have found for Medquest on this claim.

pg. 26

**<u>INTERROGATORY NO. 23</u>**

**ADA Disability Discrimination – Pretext (Discharge)**

Did Plaintiff prove pretext, as described in Instruction No. 24, by a preponderance of

the evidence as follows:

    1.    Did Plaintiff demonstrate that Medquest' proffered reason for her discharge had no basis in fact?

        Yes  _____No _____

    2.    Did Plaintiff demonstrate that Medquest' proffered reason for her discharge did not actually motivate the action?

        Yes  _____No _____

    3.    Did Plaintiff demonstrate that Medquest' proffered reason for her discharge was insufficient to warrant the action?

        Yes                No

                        _____
                        Foreperson

If you answered "YES" to <u>any</u> part of Interrogatory No. 23, please proceed to Instruction No. 31. You have found for Plaintiff on this claim.

If you answered "NO" <u>all</u> parts of Interrogatory No. 23, please proceed to Instruction No. 35. You have found for Medquest on this claim.

## <u>INTERROGATORY NO. 24</u>

**ADA Disability Discrimination - Damages**

What amount of money, if any, do you find would fairly and reasonably compensate

Plaintiff for the following forms of damages:

        Compensatory damages:      $_____

        Back pay:      $_____

        Front pay:      $_____

                    _____
                    Foreperson

Proceed to Instruction No. 35.

Please return to the Courtroom. Thank you for your service.