## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

**ALLISON FAULKNER,**           )     **Case No. 3:23-cv-588**
                                )
    **Plaintiff,**           )     **HON. REBECCA GRADY JENNINGS**
                                )
**v.**                          )
                                )
**DENTAL ASSISTING ACADEMY**    )
**OF LOUISVILLE, LLC, d/b/a**   )
**MEDQUEST COLLEGE,**           )
                                )
    **Defendant.**           )

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

**COMES NOW**, Plaintiff, Allison Faulkner, by and through counsel, and tenders her Proposed Jury Instructions. At the outset, rather than multiply these proceedings and the efforts of the Court, its staff, and the Clerk, Plaintiff has no objection to Defendant's Proposed Instructions 1 – 8, and agrees that they are appropriate, if the Court is inclined to adopt them. The Plaintiff also doesn't object to Defendant's proposed Instructions 9 – 23 related to the FMLA. In light of the Court's Order GRANTING summary judgment on Plaintiff's claims arising under the FMLA, however, [Doc.48], Plaintiff respectfully submits that they aren't necessary for trial, unless the Court otherwise changes course on its own motion and reinstates one or more of Plaintiff's FMLA claims. Plaintiff only makes this note to avoid any suggestion of waiver on appeal or otherwise.

**DATED: September 10, 2025.**

Respectfully submitted,

**/s/ Justin M. Whittaker**
Justin M. Whittaker, Esq. (92364)
WHITTAKER LAW, LLC
2055 Reading Road, Suite 260
Cincinnati, Ohio 45202
Tel: (513) 457-5545
Fax: (513) 436-0698
Justin@WhittakerLawFirm.com

**Counsel for**
**Plaintiff Allison Faulkner**

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Proposed Jury Instructions was filed electronically through the Court's CM/ECF filing system on **September 10, 2025**. Notice of this filing will be sent to all parties of record by operation of the Court's CM/ECF filing system.

**/s/Justin M. Whittaker**
Justin M. Whittaker, Esq. (92364)

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 1**

**DISCRIMINATION BASED ON DISABILITY – ADA**

The Plaintiff in this case, Allison Faulkner, has brought a lawsuit under the Americans with Disabilities Act, which will be referred to in these instructions as the "ADA." Under the ADA, it is unlawful for an employer to intentionally discriminate against an individual who was disabled or regarded as disabled with regard to job application procedures, hiring, advancement, discharge, employee compensation, failure to provide reasonable accommodation, job training, and other terms, conditions, or privileges of employment.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 2**

**DISABILITY DEFINED**

The term "disability" means, with respect to a qualified individual, one who:

1.    Has a physical or mental impairment that substantially limits one or more of their major life activities, or

2.    has a record of such an impairment, or

3.    is regarded as having such an impairment.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3**

**QUALIFIED INDIVIDUAL**

The ADA defines a qualified individual as a person who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.

The term "essential functions" means the fundamental job duties of the employment position that the Plaintiff held.

The term "essential functions" does not include the marginal functions of the position.

In determining whether a job function is essential, you should consider the following factors: (1) the employer's judgment as to which functions of the job are essential; (2) written job descriptions; (3) the amount of time spent on the job performing the function in question; (4) consequences of not requiring the person to perform the function; (5) the terms of a collective bargaining agreement; (6) the work experience of persons who have held the job; (7) the current work experience of persons in similar jobs; (8) whether the reason the position exists is to perform the function; (9) whether there are a limited number of employees available among whom the performance of the function can be distributed; and (10) whether the function is highly specialized and the individual in the position was hired for her expertise or ability to perform the function. No one factor is necessarily controlling.  You should consider all of the evidence to decide whether a job function is essential.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 4**

**REASONABLE ACCOMMODATION**

The ADA requires employers to provide a reasonable accommodation to employees who are disabled, unless the employer can demonstrate that the accommodation would impose an undue hardship on the employer or pose a direct threat to the employee or others. Failure to provide a reasonable accommodation constitutes disability discrimination.

A "reasonable accommodation" is a modification or adjustment to the work environment or manner in which the job is performed. A reasonable accommodation may include, but is not limited to: (1) modifying or adjusting a job application process to enable a qualified applicant with a disability to be considered for the position; (2) making existing facilities used by employees readily accessible to and usable by individuals with disabilities; (3) job restructuring; (4) part-time or modified work schedule; (5) reassignment to a vacant position; (6) acquisition or modifications of examinations, training materials, or policies; (7) provision of qualified readers and interpreters; or (8) other similar accommodations for individuals with the Plaintiff's disability.

A reasonable accommodation does not include changing or eliminating any essential function of the job, shifting any of the job's essential functions to others, or creating a new position for the disabled employee.  If an employee rejects a reasonable accommodation that is necessary to enable her to perform the essential functions of the position, and as a result cannot perform the essential functions of the position, then the employee cannot be considered a qualified individual under the ADA.

On the other hand, the Defendant's accommodation is not "reasonable" under the ADA if the Plaintiff was forced to change to a less favorable job and a reasonable accommodation could have been made that would have allowed the Plaintiff to perform the essential functions of the job that she already had.  The Plaintiff bears the burden of proposing an accommodation that would enable her to perform the job effectively and is reasonable on its face. If the Plaintiff satisfies this burden, then the Defendant bears the burden of proving that the Plaintiff's proposed accommodation would have imposed an undue hardship.

To prevail on this claim, the Plaintiff must prove all of the following by a preponderance of the evidence:

1. That she has a "disability" within the meaning of the ADA.

2. That she is a "qualified individual" able to perform the essential functions of the position with reasonable accommodation.

3. That she informed MedQuest of the need for an accommodation due to a disability.

**Note that there is no requirement that a request be made for a particular or specific accommodation; it is enough to satisfy this element that the Defendant was informed of the Plaintiff's basic need for an accommodation.**

4. That her requested accommodation would have been reasonable.

5. That the Defendant failed to provide the requested accommodations or any other reasonable accommodation.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 5**

**REASONABLE ACCOMMODATION – UNDUE HARDSHIP**

If you find that the Plaintiff has proved the five elements I have described to you by a preponderance of the evidence, then you must consider the Defendant's defense. Defendant contends that providing an accommodation would cause an undue hardship on the operation of the Defendant's business. Under the ADA, the Defendant does not need to accommodate the Plaintiff if it would cause an "undue hardship" to its business.

The Defendant must prove to you by a preponderance of the evidence that the proposed accommodation would be an "undue hardship."

The term "undue hardship" means an action requiring significant difficulty or expense, when considered in light of the following factors: (1) the nature and cost of the proposed accommodation; (2) the employer's overall financial resources; (3) the effect of the proposed accommodation on expenses and resources; and (4) the impacts of the proposed accommodation on the employer's operations, including on the ability of other employees to perform their duties and on the employer's ability to conduct business. If you find that the Defendant, has proved by a preponderance of the evidence that the accommodations requested by the Plaintiff would be an undue hardship, then you must find for the Defendant.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 6
## DIRECT EVIDENCE OF INTENT NOT REQUIRED

Because employers rarely leave a paper trail, or "smoking gun," attesting to a discriminatory intent, plaintiffs often must build their cases from indirect evidence and pieces of circumstantial evidence that cumulatively undercut the credibility of the various explanations offered by the employer.  Intentional discrimination may be inferred from the existence of other facts or the cumulative weight of circumstantial evidence.  The Plaintiff is not required to produce direct evidence of intentional discrimination. Therefore, you may consider circumstantial evidence such as the testimony and evidence offered by other employees, evidence relating to company-wide practices that may reveal patterns of discrimination against a group of employees, and other indirect evidence of discriminatory motive.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 7**

**RETALIATION – PARTICIPATION IN EEOC PROCEEDINGS**

In this case, the Plaintiff claims that the Defendant retaliated against her because she took steps to enforce lawful rights under the ADA. The ADA prohibits an employer from taking any retaliatory action against an employee because the employee has asserted rights or made complaints under the ADA to the EEOC. The Plaintiff can recover for retaliation even if the Plaintiff did not have a "disability" within the meaning of the ADA. The question is not whether there was a "disability" but whether the Defendant retaliated against the Plaintiff for filing a charge of discrimination with the EEOC. The Defendant denies the Plaintiff's claim.

Your verdict must be for the Plaintiff if all the following elements have been proved:

1. The Plaintiff filed a charge of discrimination with the EEOC;

2. The Defendant fired the Plaintiff;

3. The Plaintiff's discharge might well dissuade a reasonable worker in the same or similar circumstances from making or supporting a charge of discrimination; and

4. The Defendant would not have fired the Plaintiff but-for her filing a charge of discrimination with the EEOC.

**"But-for" does not require that Plaintiff's filing of a charge of discrimination was the only reason for the termination by the Defendant.**

You may find that the Defendant would not have discharged the Plaintiff "but-for" Plaintiff's filing of a charge of discrimination if it has been proved that the Defendant's stated reasons for its decision are not the real reasons but are a pretext to hide retaliation.

If any of the above elements have not been proved, your verdict must be for the Defendant, and you need not proceed further in considering this claim.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 8
## RETALIATION – OPPOSITION TO DISCRIMINATION OR HARASSMENT

In this case, the Plaintiff claims that the Defendant retaliated against her because she took steps to enforce lawful rights under the ADA. The ADA prohibits an employer from taking any retaliatory action against an employee because the employee has asserted rights or made complaints under the ADA. The Plaintiff can recover for retaliation even if the Plaintiff did not have a "disability" within the meaning of the ADA. The question is not whether there was a "disability" but whether the Defendant retaliated against the Plaintiff for complaining about harassment or discrimination by her supervisor, Allison Ellerbrock. The Defendant denies the Plaintiff's claims.

Your verdict must be for the Plaintiff if all the following elements have been proved:

1. The Plaintiff complained to the Defendant that she was being harassed or discriminated against based on disability;

2. The Plaintiff reasonably believed that she was being harassed or discriminated against based on disability;

3. The Defendant fired the Plaintiff;

4. The Plaintiff's termination might well dissuade a reasonable worker in the same or similar circumstances from making or supporting a complaint of discrimination; and

5. The Defendant would not have discharged the Plaintiff but-for her complaint on the basis of disability.

**"But-for" does not require that Plaintiff's complaint about discrimination or harassment was the only reason for the termination by the Defendant.**

You may find that the Defendant would not have discharged the Plaintiff "but-for" Plaintiff's filing of a charge of discrimination if it has been proved that the Defendant's stated reasons for its decision are not the real reasons but are a pretext to hide retaliation. If any of the above elements have not been proved, your verdict must be for the Defendant, and you need not proceed further in considering this claim.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9**

**RETALIATION – REQUESTING A REASONABLE ACCOMMODATION**

In this case, the Plaintiff claims that the Defendant retaliated against her because she requested reasonable accommodations under the ADA. The ADA prohibits an employer from taking any retaliatory action against an employee because the employee has done so The Plaintiff can recover for retaliation even if the Plaintiff did not have a "disability" within the meaning of the ADA. The question is not whether there was a "disability" but whether the Defendant retaliated against the Plaintiff for requesting an accommodation. The Defendant denies Plaintiff's allegations.

Your verdict must be for the Plaintiff if all the following elements have been proved:

1. The Plaintiff requested accommodations

2. The Defendant knew the Plaintiff requested accommodations

3. The Defendant fired the Plaintiff.

4. The Plaintiff's termination might well dissuade a reasonable worker in the same or similar circumstances from requesting accommodations;

5. The Defendant would not have discharged the Plaintiff but-for her requests for accommodations.

**"But-for" does not require that Plaintiff's requests for accommodation were the only reason for the termination by the Defendant.**

You may find that the Defendant would not have discharged the Plaintiff "but-for" Plaintiff's requesting accommodations if it has been proved that the Defendant's stated reason[s] for its decision[s] are not the real reasons but are a pretext to hide retaliation.

If any of the above elements have not been proved, your verdict must be for the Defendant, and you need not proceed further in considering this claim.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 10**
**COMPENSATORY DAMAGES – PROOF**

Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any injury you find was caused by the Defendant. It is the duty of the Court to instruct you about the measure of damages. If you have returned a verdict in favor of the Plaintiff under the ADA, you must determine her compensatory damages. The Plaintiff has the burden of proving her own damages by a preponderance of the evidence, and it is for you to determine what damages, if any, have been demonstrated. In determining the measure of damages, you should consider: (1) the nature and extent of the Plaintiff's injuries; (2) the mental, physical, and emotional pain and suffering experienced; and (3) embarrassment or humiliation, and loss of enjoyment of life (that is, the Plaintiff's loss of the ability to enjoy certain aspects of her life as a result of the Defendant's discriminatory actions).

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 11

## EGGSHELL SKULL DOCTRINE

It is well-settled law that a defendant takes the plaintiff as it finds her. Thus, the Plaintiff's emotional distress caused by the Defendant must be fully compensated. The Defendant is liable for all injuries that it caused the Plaintiff, even if the harm caused by the Defendant exacerbated the Plaintiff's pre-existing condition or the Plaintiff was particularly sensitive or vulnerable to emotional injury.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 12**
**DAMAGES – DIFFICULTY CALCULATING IS NO OBSTACLE**

If compensatory damages are appropriate, the Plaintiff is entitled to damages even if they are difficult to calculate. While damages do not have to be calculated using mathematical precision, the Plaintiff must provide sufficient evidence to take the amount of damages out of the realm of speculation and conjecture. Justice and public policy require, however, that a wrongdoer bear the risk of the uncertainty that its own wrong has created, and which prevents precise computation of damages. Your award must be based on evidence and not speculation, guesswork, or conjecture. On the other hand, the law does not require the Plaintiff to prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 13

### ACTUAL DAMAGES

If you find in favor of the Plaintiff on her claims of disability discrimination under the Americans with Disabilities Act, then you must award the Plaintiff such sum as you find by a preponderance of the evidence will fairly and justly compensate the Plaintiff for any damages that you find the Plaintiff sustained as a direct result of the Defendant's failure to accommodate her, terminate her employment because she filed a charge of discrimination with the EEOC, complained about harassment or discrimination by her supervisor, or because she requested an accommodation.  The Plaintiff's claim for damages includes three distinct types of damages, which you must consider separately:

1. Wages and fringe benefits that the Plaintiff would have earned in her employment with the Defendant if she had not been discharged on October 30, 2023, through the date of your verdict, minus the amount of earnings and benefits that the Plaintiff received from other employment during that time.

2. Future wages and fringe benefits that the Plaintiff reasonably would have earned in her employment with the Defendant[s] from the date of your verdict, minus the amount of earnings and benefits that the Plaintiff will receive from other employment during that time.

3. Other damages sustained by the Plaintiff, such as future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

You must enter separate amounts for each type of damage in the verdict form and must not include the same items in more than one category.  The Plaintiff has a duty under

the law to "mitigate" her damages—that is, to exercise reasonable diligence under the circumstances to minimize her damages.  Therefore, if you find by a preponderance of the evidence that the Plaintiff failed to reasonably seek out and obtain other employment, you must reduce her damages by the amount that she reasonably could have avoided if she had sought out or taken advantage of such an opportunity.

**PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 14**
**PUNITIVE DAMAGES – ADA**

If you find for the Plaintiff on any of the claims listed above and you find that the Defendant's acts were undertaken maliciously or in reckless disregard for the Plaintiff's right to work in an environment free of disability discrimination, you may award the Plaintiff punitive damages.

The ADA authorizes an award of punitive damages for the purpose of punishing a wrongdoer and serving as an example or warning to other employers not to engage in conduct of the types just described. Conduct is malicious or in reckless disregard for the Plaintiff's rights if: (1) the Defendant[s] discriminated in the face of a perceived risk that its actions violated federal law; or (2) the Defendant's discriminatory acts are egregious or outrageous.

If you find that punitive damages are appropriate, you must use reason in setting the amount appropriate for the Plaintiff. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes outlined above, but should not reflect bias, prejudice, or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of the Defendant's conduct and the relationship of punitive damages to any actual harm inflicted on the Plaintiff.