**PROPOSED JURY INSTRUCTIONS**

Dental Assisting Academy of Louisville, LLC DBA MedQuest College ("Medquest") files its jury instructions in compliance with the Court's Pre-trial Scheduling Order, DN 10. Counsel for the parties to communicate regarding discussing joint train instruction before unable to have substantive conversations and Medquest is tendering its own set.

As the instructions and interrogatories have become simpler following the Court's Memorandum Opinion & Order (DN 48), they are submitted as a single document

In tendering these jury instructions, Medquest is not conceding or waiving any objections currently set forth in the record, or waiving the arguments made in Medquest' pending motion for summary judgment, or waiving any objections that may be made during the course of trial with respect to the Plaintiff's claims. Medquest reserves the right to amend these jury instructions during trial to conform to the evidence as presented.

# INSTRUCTION NO. 1

## Verdict Must be Based on the Evidence

Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the Instructions of the Court; just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

Nothing I say in these Instructions is to be taken as an indication that I have an opinion about the facts of the case, or what that opinion is. It is not my function to determine the facts, but rather yours.

You have been chosen and sworn as jurors in this case to try the issue of fact presented by the allegations of the complaint of the Plaintiff. You are to perform this duty without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by sympathy, prejudice, or public opinion. Both the parties and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court, and reach a just verdict, regardless of the consequences.

This case should be considered and declared by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial at our hands as a private individual. The law is no respecter of a person; all persons, including corporations, partnerships, unincorporated associations, and other organizations, stand equal before the law and are to be dealt with as equals in a court of justice.[1]

Proceed to Instruction No. 2.

---

[1] *See* O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS CIVIL COMPANION HANDBOOK, Vol. 2, § 21:1 (2015-2016) (citing O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 6th ed. Thomson Reuters § 103:01.)

## INSTRUCTION NO. 2

### Evidence in General

The evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated.

Statements and arguments of counsel are not evidence in the case, unless made as an admission or stipulation of fact. However, when the attorneys on both sides stipulate or agree as to the existence of a fact, you must, unless otherwise instructed, accept the stipulation as evidence, and regard that fact as proved. Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.

In the final analysis, it is your own recollection and interpretation of the evidence that control in the case. While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.[2]

Proceed to Instruction No. 3.

---

[2] Kevin F. O'Malley, et. al, Federal Jury Practice and Instructions § 101.40 (5th ed. 2000).

## INSTRUCTION NO. 3

### Witness Credibility

Now, I have said that you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his testimony. In weighing the testimony of a witness you should consider this relationship to the plaintiffs or to the defendant; his interest, if any, in the outcome of the case; his manner of testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor, fairness and intelligence; and the extent to which he has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.[3]

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.[4]

Proceed to Instruction No. 4.

---

[3] O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS CIVIL COMPANION HANDBOOK, Vol. 2, § 21:1 (2015-2016) (citing O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 6th ed. Thomson Reuters § 101:43.)

[4] *Id.* (citing O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 6th ed. Thomson Reuters § 104:54.)

## INSTRUCTION NO. 4

### Witness Impeachment

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.[5]

       Proceed to Instruction No. 5.

---

[5] Kevin F. O'Malley, et. al, Federal Jury Practice and Instructions §§ 105.04, 105.05 (5th ed. 2000).

## INSTRUCTION NO. 5

### Witnesses and Exhibits

The laws does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in this case.[6]

Proceed to Instruction No. 6.

---

[6] Kevin F. O'Malley, <u>et. al</u>, Federal Jury Practice and Instructions § 105.11 (5th ed. 2000).

**INSTRUCTION NO. 6**

**Burden of Proof – Preponderance of the Evidence**

The burden is on the plaintiff in a civil action such as this to prove every essential element of this claim by a "preponderance of the evidence." A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" merely means to prove that the claim is more likely so than not so.

In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. If the proof should fail to establish any essential element of the plaintiffs' claim by a preponderance of the evidence, the jury should find for the defendant as to that claim.[7]

Proceed to Instruction No. 7.

---

[7] Kevin F. O'Malley, et. al, Federal Jury Practice and Instructions § 104.1 (5th ed. 2000).

## INSTRUCTION NO. 7

### Affirmative Defenses

If upon a consideration of all the facts on an issue raised in one of these instructions or interrogatories, and you find that the plaintiff has failed to sustain the burden placed upon her, then you should proceed no further and your verdict must be for the defendant. If, however, you find that the plaintiff has sustained the burden on this issue, then you should proceed to consider any affirmative defense described in these instructions or an interrogatory. In this regard, the burden is upon the defendant to establish the affirmative defense described in the instruction or interrogatory.

If you determine that the defendant has sustained its burden of establishing the affirmative defense, then you should proceed no further and your verdict must be for the defendant on that issue. If, however, you find that the plaintiff has established the essential elements of her case and that the defendant has not sustained its burden of the affirmative defense, then you should proceed to consider the issue of damages on that issue.[8]

Proceed to Instruction No. 8.

---

[8] See 4 Modern Federal Jury Instructions-Civil P 73.01 (2025).

## INSTRUCTION NO. 8

### Procedural Matters

Immediately upon retiring to the Jury Room, you shall select one of your members to act as a foreperson of the Jury.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. The verdict must be unanimous.

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember at all times that you are not partisans. You are judges—judges of facts. Your sole interest is to seek the truth from the evidence in the case.[9]

Proceed to Instruction No. 9.

---

[9] O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS CIVIL COMPANION HANDBOOK, Vol. 2, § 21:1 (2015-2016) (citing O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 6th ed. Thomson Reuters § 103:01.)

## INSTRUCTION NO. 9

### ADA Failure to Accommodate - Standard

Plaintiff has filed a claim of against Medquest under the Americans with Disabilities Act, otherwise known as the ADA, for failure to accommodate her disability. The ADA prohibits an employer from discriminating against an otherwise qualified employee on the basis of the employee's disability or handicap, and this includes failing to make reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability.

To prove her claim, Plaintiff must show by a preponderance of the evidence, each of the following things:

1.    That she was "disabled" within the meaning of the ADA;

2.    That she was "qualified" to perform her job, with or without a reasonable accommodation,

3.    That MedQuest new or had reason to know of her disability,

4.    That she requested a reasonable accommodation,

5.    That MedQuest failed to provide the reasonable accommodation; and

6.    That any accommodations offered by MedQuest were not reasonable.[10]

If Plaintiff proves all of those elements and by a preponderance of the evidence, Medquest has the opportunity to prove that her requested accommodation would cause an undue hardship for MedQuest.[11]

I will explain each of the relevant terms.

Proceed to Instruction No. 10.

---

[10] *Aldini v. Kroger Co.*, 628 F. App'x 347, 350 (6th Cir. 2015). *Doe v. Knox Cty. Bd. of Educ.*, 56 F.4th 1076, 1088 (6th Cir. 2023).
[11] *King v. Steward Trumbull Mem'l Hosp., Inc.*, 30 F.4th 551, 560 (6th Cir. 2022).

## INSTRUCTION NO. 10

### ADA Disability Discrimination – "Disability," "Major Life Activity," and "Substantially Limits"

Under the ADA, the term "disability" means (1) a physical or mental impairment that substantially limits one or more major life activities; (2) a record of such an impairment; or (3) being "regarded as" having such an impairment.[12]

A "major life activity" is an activity of central importance to a person's daily life. Examples of such activities include caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning or working. An impairment that limits the "major life activity" of working must significantly restrict the plaintiff's ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable skills and abilities. The inability to perform a single particular job does not constitute a substantial limitation in the major life activity of working.[13]

"Substantially limits" means that the activity is limited to a considerable or large degree. It is not necessary that the plaintiff be completely unable to engage in the activity.  An impairment can substantially limit a major life activity, even though the Plaintiff is still able to engage in the activity to some extent.[14]

Proceed to Instruction No. 11.

---

[12] O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS CIVIL COMPANION HANDBOOK, Vol. 2, § 15:1 (2015-2016) (citing O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 6th ed. Thomson Reuters § 172:30 – Disability; § 172:34 – Substantially limited; § 172:35 – Major activities of life; § 172:36 – Regarded as having an impairment).

[13] O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 6th ed. Thomson Reuters § 172:35 – Major life activities.

[14] O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS CIVIL COMPANION HANDBOOK, Vol. 2, § 15:1 (2015-2016) (citing O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 6th ed. Thomson Reuters § 172:30 – Disability; § 172:34 – Substantially limited; § 172:35 – Major activities of life; § 172:36 – Regarded as having an impairment).

## INSTRUCTION NO. 11

### ADA Failure to Accommodate – "Qualified Individual", "Essential Functions", and "Undue Hardship"

To be a "qualified individual," under the ADA, Plaintiff must prove that she was able to perform the essential functions of her job or would have been able to perform those essential functions with a reasonable accommodation.

The "essential functions" of a job are the fundamental duties associated with a particular position.

In determining the essential functions of Plaintiff's job, you may consider the following factors, among others (1) the employer's judgment as to what functions of the job are essential; (2) the amount of time spent on the job performing the function in question; and (3) the work experience of persons who have held the job.[15]

The term "undue hardship" means action requiring MedQuest to incur significant expense or undergo significant difficulty when considered in light of the following:

1.  the nature and cost of the accommodation,

2.  the overall financial resources MedQuest in the number of persons employed by MedQuest, and

3.  the nature of MedQuest's business, including the composition, structure, and functions of MedQuest's workforce.[16]

Proceed to Interrogatory No. 1.

---

[15] O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS CIVIL COMPANION HANDBOOK, Vol. 2, § 15:1 (2015-2016) (citing O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 6th ed. Thomson Reuters § 172:31 – Qualified individual with a disability; § 172:33 – Essential job functions).

[16] O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 6th ed. Thomson Reuters § 172:40 – Undo hardship.

## INSTRUCTION NO. 12

## ADA Retaliation - Standard

Plaintiff also claims that MedQuest retaliated against Plaintiff because Plaintiff took steps to enforce Plaintiff's rights under the ADA. The ADA prohibits discrimination in the workplace and also prohibits employers from taking any retaliatory action against an employee because the employee has asserted rights or make complaints under those laws.

Plaintiff claims that MedQuest discharged her in October 2023 because Plaintiff sought accommodations under the ADA. MedQuest and eyes Plaintiff's claim and asserts that it discharged plaintiff as part of a reduction in force that involved outsourcing a key component of her job.

To succeed on her claim, Plaintiff must show that:

1. She engaged in protected activity under the ADA,

2. the activity was known to MedQuest,

3. MedQuest took an adverse action against her, and

**4.** that there was a causal connection between the adverse action and the protected activity.[17]

If Plaintiff proves these elements, MedQuest may then prove a legitimate, non-retaliatory reason for her discharge. Plaintiff may then prove that the offered reason is pretextual, that is at the offered reason was not the real reason for the action and that the real reason was unlawful.[18]

---

[17] *Kirilenko-Ison v. Bd. of Ed. Of Danville Indep. Schs.*, 974 F.3d 652, 661 (6th Cir. 2020).
[18] *EEOC v. Ford Motor Co.*, 782 F.3d 753, 767 (6th Cir. 2015) Alec.

## INSTRUCTION NO. 13

### ADA Disability Discrimination – Compensatory Damages

If you find in Plaintiff's favor on either of her ADA claims, then you must determine an amount that is fair compensation for Plaintiff's damages. You may award compensatory damages only for injuries that Plaintiff proves were caused by Medquest' allegedly wrongful conduct.

The damages that you award must be fair compensation-no more and no less. However, the law limits Plaintiff's damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life to $50,000.[19]

You may award damages for any pain, suffering or mental anguish Plaintiff experienced as a consequence of Medquest' discrimination. No evidence of the monetary value of such intangible things as pain and suffering has been, or need be, introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award you make should be air in light of the evidence presented at the trial.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound judgment in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that Plaintiff provide the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.[20]

---

[19] 42 USCS § 1981a (b)(3).

[20] O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 6th ed. Thomson Reuters § 172:70 – Compensatory damages.

Proceed to Instruction No. 14.

## INSTRUCTION NO. 14

### ADA Disability Discrimination – Back Pay

If you determine that MedQuest discriminated against Plaintiff discharging her, then you may award as actual damages and amount that reasonably compensates Plaintiff for any lost wages and benefits taking into consideration any increases in salary and benefits, including pension, that plaintiff would've received had plaintiff not been discriminated against. You must reduce any award by the amount of the expenses that Plaintiff would have incurred in making those earnings.[21]

Proceed to Instruction No. 15.

---

[21] O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 6th ed. Thomson Reuters § 172:71 – Back pay.

## INSTRUCTION NO. 15[22]

### ADA Disability Discrimination – Front Pay

You must also calculate separately, as future damages, also known as front pay, a monetary amount equal to the present value of the wages and benefits Plaintiff would have earned had Plaintiff not been discharged for the period from the date of your verdict until the date when Plaintiff would have voluntarily resigned or obtained other employment.

You must also reduce any award to its present value by considering the interest that Plaintiff could earn on the amount of the award if Plaintiff had made a relatively risk-free investment. The reason you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to Plaintiff if she receives it today than if she received it in the future, when she would otherwise have earned it. It is more valuable because Plaintiff can earn interest on it for the period of time between the date of the award and the date she would have earned the money. Thus, you should adjust the amount of any award for future loss of earnings by the amount of interest that Plaintiff can earn on that amount in the future.[23]

Proceed to Instruction No 16.

---

[22] Medquest notes that the Court must first determine Plaintiff's entitlement to front pay before the issue can be submitted to the jury. *See e.g.*, *Arban v. West Publishing Corp.*, 345 F.3d 390 (6th Cir. 2003).

[23] O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 6th ed. Thomson Reuters § 172:72 – Front pay.

## INSTRUCTION NO. 16

### ADA Disability Discrimination – Mitigation of Damages
### and After Acquired Evidence

Plaintiff must make every reasonable effort to minimize or reduce her damages for loss of compensation by seeking employment. This is referred to as "mitigation of damages." Medquest must prove by a preponderance of the evidence that Plaintiff failed to mitigate her damages for loss of compensation.

If you determine that Plaintiff is entitled to damages, you must reduce these damages by:

1. What Plaintiff earned and

2. What Plaintiff could have earned by reasonable effort during the period from Plaintiff's discharge until the date of trial.

Plaintiff must accept employment that is "of a like nature." In determining whether employment meets that definition, you may consider:

1. The type of work,

2. The hours worked,

3. The compensation,

4. The job security,

5. The working conditions, and

6. Other conditions of employment.

You must decide whether Plaintiff acted reasonably in not seeking or accepting a particular job. If you determine Plaintiff did not make reasonable efforts to obtain another similar job, you must decide whether any damages resulted from plaintiff's failure to do so.

You must not compensate Plaintiff for any portion of her damages resulting from her failure to make reasonable efforts to reduce her damages.[24]

If you determine from the evidence that MedQuest would have discharged Plaintiff based on information it learned after the discharge, including information discovered during this litigation, you shall not award Plaintiff any wages, salary, and employment benefits she would have earned after MedQuest discovered that information.[25]

Proceed to Interrogatory No. 3.

---

[24] O'Malley, Grenig and Lee, FEDERAL JURY PRACTICE AND INSTRUCTIONS, 6th ed. Thomson Reuters § 179:61 – Mitigation of damages.

[25] *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 362, 115 S. Ct. 879, 886 (1995); *Edgar v. JAC Prods.*, 443 F.3d 501, 514 (6th Cir. 2006).

## INTERROGATORY NO. 1

### ADA Disability Discrimination – *Prima Facie* Case

Do you find by a preponderance of the evidence:

1.     That Plaintiff was "disabled" within the meaning of the ADA,

       Yes  _____No _____

2.     That she was "qualified" to perform her job, with or without a reasonable accommodation,

       Yes  _____No _____

3.     That MedQuest knew or had reason to know of her disability,

       Yes  _____No _____

4.     That she requested a reasonable accommodation,

       Yes _____ No _____

5.     That MedQuest failed to provide the reasonable accommodation; and

       Yes _____ No _____

6.     That any accommodations offered by MedQuest were not reasonable.

       Yes  _____No _____

_____
Foreperson

If you answered "YES" to all subparts of Interrogatory No. 1, please proceed to Interrogatory No. 2.

If you answered "NO" to any subpart of Interrogatory No. 1, please proceed to Instruction No. 12. You have found for Medquest on this claim.

**INTERROGATORY NO. 2**

**ADA Disability Discrimination – Undue Hardship**

Do you believe from the evidence that MedQuest has proven that the accommodation requested by Plaintiff would have caused it an undue hardship?

Yes _____ No _____

_____
Foreperson

If you answered "NO" to Interrogatory No. 2, please proceed to Instruction 12. You have found for Plaintiff on this claim.

If you answered "YES" to Interrogatory No. 3, please proceed to Interrogatory No. 12. You have found for MedQuest on this claim.

## INTERROGATORY NO. 3

### ADA Retaliation – *Prima Facie* Case

Do you find by a preponderance of the evidence:

1.    That Plaintiff engaged in protected activity under the ADA,

    Yes  _____ No _____

2.    the activity was known to MedQuest,

    Yes  _____ No _____

3.    MedQuest took an adverse action against her, and

    Yes  _____ No _____

4.    that there was a causal connection between the adverse action and the

    protected activity.

    Yes _____ No _____

    If you answered "YES" to <u>all</u> subparts of Interrogatory No. 3, please proceed to Interrogatory No. 4.

    If you answered "NO" to <u>any</u> subpart of Interrogatory No. 3, you have found for Medquest on this claim.

**INTERROGATORY NO. 4**

**ADA Retaliation – Legitimate Cause**

Do you believe from the evidence that MedQuest has proven illegitimate, non-retaliatory reason for plaintiff's discharge?

Yes _____No _____

_____
Foreperson


If you answered "YES" to Interrogatory No. 4, please proceed to Interrogatory No. 5.

If you answered "NO" to Interrogatory No. 4, please proceed to Instruction 13.

## INTERROGATORY NO. 5

### ADA Retaliation – Pretext

Do you believe from the evidence that;

1. Medquest' proffered reason for Plaintiff's discharge had no basis in fact?

   Yes _____No _____

2. Medquest' proffered reason for her discharge did not actually motivate the action?

   Yes_____No _____

3. Medquest' proffered reason for her discharge was insufficient to warrant the action?

   Yes _____    No _____

   _____
   Foreperson

If you answered "YES" to <u>any</u> part of Interrogatory No. 5, please proceed to Instruction No. 13. You have found for Plaintiff on this claim.

If you answered "NO" <u>all</u> parts of Interrogatory No. 5, you have found for Medquest on this claim.

## VERDICT FORM

### ADA Disability Discrimination - Damages

If you answered "YES" to all subparts of Interrogatory No. 1 AND you answered "NO" to Interrogatory No. 2,

OR

You answered "YES" all subparts of Interrogatory No. 3 and you answered "NO" to Interrogatory No. 4,

OR

You answered "YES" all subparts of Interrogatory No. 3 and you answered "YES" to Interrogatory No. 4, AND you answered "YES" to any of the questions on Interrogatory No. 5, , you have found for Plaintiff and shall determine what amount of money, if any, do you find would fairly and reasonably compensate Plaintiff for the following forms of damages:

        Compensatory damages:    $_____

        Back pay:    $_____

        Front pay:    $_____

If you have not answered the Interrogatories as described above, you have found for MedQuest.

_____The jury finds for Plaintiff and works damages as set forth above.


_____ The jury finds for MedQuest.


                              _____

                              Foreperson


Please return to the Courtroom. Thank you for your service.